FILED

APR 2 5 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| SCOTT LEE SHIRE aka SETH LEE SERAPH, | No. 4-06-00383-EWH |
| Debtor. | **MEMORANDUM DECISION** (Opinion to Post) |

On April 21, 2006, Scott L. Shire aka Seth Lee Seraph ("Movant") filed a motion for/application to waive credit counseling requirement seeking a waiver under 11 U.S.C. § 109(h)(4) of both the pre-filing credit counseling certificate requirement of § 1090(h)(1) and the requirement that he complete a financial management class prior to entry of a discharge pursuant to 11 U.S.C. § 727(a)(11). The grounds for seeking the waiver is that the Movant is incarcerated at the Arizona Department of Corrections and has no access to the agencies certified by the Office of the United States Trustee to provide either credit counseling or financial management classes.

Section 109(h)(4) defines "incapacity" as being mental illness or mental deficiency which is so severe that it makes it impossible for a debtor to make rational decisions regarding his or her financial responsibility. The statute defines "disability" as a _physical_ impairment that makes it impossible for a debtor, after reasonable effort, to participate in an in-person, telephone or Internet credit counseling. 11 U.S.C. § 109(h)(4).

Movant's application demonstrates that he is physically restrained and, therefore, has no access to the resources that would make it possible for him to obtain either credit counseling or to complete a financial management class. However, there is no evidence that he has any _physical_ impairment or that

he has a mental illness or mental deficiency which makes it impossible for him to make rational decisions regarding his financial responsibilities. Accordingly, the Movant's request for a waiver must be denied.

The court is well aware that the outcome in this case means that most prisoners will be unable to obtain relief under the Bankruptcy Code. The Movant appears to be judgment proof, since he has no assets.[1] Presumably, he will be able to file for bankruptcy upon his release from jail. In any event, the requirements of 11 U.S.C. § 109(h)(1) are clear and unambiguous. It is simply not open to the court to depart from the statute's express terms. See In re Wallert, 332 B.R. 884 (Bankr. D. Minn. 2005); In re Cleaver, 333 B.R. 430 (Bankr. S.D. Ohio 2005); In re Fields, 2005 WL 3725619, at *5-6 (Bankr. E.D. Tenn., Dec. 9, 2005); In re Sosa, 2005 WL 3627817, at *2 (Bankr. W.D. Tex., Dec. 22, 2005). Accordingly, this court cannot interpret the statute to include an exception to the requirements of 11 U.S.C. § 109(h)(1) and 727(a)(11) for incarcerated individuals.

Because the Movant is not entitled to a waiver under § 109(h)(4) and because he is unable to meet the requirements of § 109(h)(1), his case must be dismissed. An order consistent with this Memorandum Decision will be entered this date.

DATED this 25th day of April, 2006.

EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

COPIES of the foregoing mailed this
25th day of April, 2006, to:

Scott Lee Shire aka Seth Lee Seraph
Arizona State Prison-Eyman/Cook
Bed #1-C-29
PO Box 3200
Florence, AZ 85232
Debtor

---

[1] The Statement of Affairs and the Debtor's Schedules of Assets and Liabilities indicates that he currently has no assets and has approximately $34,000.00 in unsecured debt.

| | |
|---|---|
| 1 | Ronald Ancell |
| 2 | 1721 West Klamath Dr<br>Tucson, AZ 85704 |
| 3 | Trustee |
| 4 | United States Trustee's Office |
| 5 | 230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 6 | By _____ |
| 7 | Judicial Assistant |

3